Erica J. Van Loon, Esq. (State Bar No. 227712)
LATHROP GPM LLP
2049 Century Park East, Suite 3500S
Los Angeles, CA 90067
Telephone: 310-789-4600 / Facsimile: 310-789-4601
E-mail: erica.vanloon@lathropgpm.com

Gary R. Sorden, Esq. (admitted *pro hac vice*)
David S. Gold, Esq. (admitted *pro hac vice*)
Brian L. King, Esq. (admitted *pro hac vice*)
Elizabeth A. Carbone, Esq. (admitted *pro hac vice*)
COLE SCHOTZ P.C.
901 Main Street, Suite 4120
Dallas, TX  75202
Telephone: 469-557-9390 / Facsimile: 469-533-1587
E-mail: gsorden@coleschotz.com; dgold@coleschotz.com; bking@coleschotz.com; ecarbone@coleschotz.com

Attorneys for Plaintiff, Marenem, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| MARENEM, INC., <br><br> Plaintiff, <br><br> vs. <br><br> EDLIO, LLC; HEATHER LADD, in her official and individual capacities; JANET REDELLA, in her official and individual capacities; BLANCA VEGA, in her official and individual capacities; JENNIFER BELL, in her official and individual capacities; CASSIDY NELSON, in her official and individual capacities; and JOHN DOES 1-10, <br><br> Defendants. | Case No. 2:20-cv-08761-MWF-MRW <br><br> Hon. Michael W. Fitzgerald <br><br> **JOINT RULE 26(f) REPORT** <br><br> **Scheduling Conference: Feb. 1, 2021** |

By and through the undersigned counsel, who are set forth below, the parties to this action, plaintiff Marenem, Inc. ("*Marenem*" or "*Plaintiff*"), and defendants Heather Ladd ("*Ladd*"), Janet Redella ("*Redella*"), Blanca Vega ("*Vega*"), Jennifer

Bell ("*Bell*"), and Cassidy Nelson ("*Nelson*") (collectively, "*Defendants*")[1] have prepared and hereby submit this jointly signed Joint Rule 26(f) Report following the conference of counsel as required by Federal Rules of Civil Procedure 16 and 26, Central District of California Local Rule 26-1, and this Court's December 11, 2020 Order Setting Scheduling Conference (Doc. No. 63).

a. **Statement of the Case:**

*Marenem's Statement of the Case*

Marenem alleges that this action is a straightforward copyright and trademark infringement action. In brief, Marenem is the creator and owner of all applicable and federally registered copyrights and trademarks related to a neuro-science based approach to teaching phonics. Marenem's approach relies on two core materials that work hand-in-hand with one another: "Secret Stories," which are short stories that explain the sounds letters make when they get together, and sound graphics with embedded phonics patterns for kids to visually reference during independent reading, writing, and spelling. The embedded sound graphics appear in the Secret Stories and are also available in other formats like posters, flashcards, and trifolds. These sound graphics consist of 35 sound graphics that personify/anthropomorphize letters/phonics patterns. As noted above, these stories and embedded sound graphics are protected by valid, federally registered copyrights and trademarks.

Beginning in 2014, Defendants, who are employees and/or supervisors at the Redondo Beach Unified School District, began an ongoing pattern and practice of infringing these copyrights and trademarks by making infringing copies of the Secret Stories and/or embedded sound graphics (presumably for use in the course of their teaching). For example, after purchasing Marenem's products, Ladd appears to have compiled all of the Secret Stories into one PDF, uploaded them onto the

---

[1] Edlio, LLC was named as a defendant in the Complaint. Marenem voluntarily dismissed its claims against Edlio, LLC, without prejudice, on November 20, 2020. (Doc. No. 49).

Internet, and made them publicly available. By way of further example, numerous infringing copies of Marenem's sound graphics (some without Marenem's copyright management information) were found in elementary school classrooms. Consequently, Marenem has brought this action and asserts claims of direct copyright infringement, contributory copyright infringement, violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1201, *et seq.* ("*DMCA*"), and trademark infringement. *See* Complaint (Doc. No. 1.) Defendants answered the complaint on December 7, 2020 (Doc. No. 60.)

*Defendants' Statement of the Case*

Defendants deny each and every material allegation of wrongdoing and deny any and all liability to Plaintiff on each claim or cause of action in Plaintiff's Complaint. Defendants further deny that Plaintiff is entitled to the relief requested or that Plaintiff has been or will be damaged in any sum, or at all, by reason of any alleged act or omission on the part of Defendants, or any of them. Defendants have asserted affirmative defenses to Plaintiff's claims and causes of action. Through their Answer and Affirmative Defenses, Defendants pray for judgment against Plaintiff and in favor of Defendants, and for an order dismissing Plaintiff's claims against Defendants with prejudice and awarding Defendants their attorneys' fees and costs and such other and further relief that the Court may deem just and proper.

**b. Subject Matter Jurisdiction:**

Marenem alleges this Court has subject matter jurisdiction over the claims set forth in the Complaint pursuant to 28 U.S.C. §§ 1331 (federal subject matter jurisdiction) and 1338 (trademark and copyright actions). Defendants contend that they have sovereign immunity and therefore no subject matter jurisdiction exists as to any claims against Defendants in their official capacities.

//
//

**c. Legal Issues:**

*Marenem's Legal Issues*

Marenem alleges that the key legal issues are as follows: (1) whether Defendants created, or assisted with the creation of, infringing copies of Marenem's Secret Stories and embedded sound graphics; (2) how many infringing copies were made and where they were distributed (which speaks to Marenem's damages); (3) whether Defendants had knowledge of Marenem's copyrights and trademarks and their intentions; (4) whether Defendants removed Marenem's copyright management information in the infringing copies of Marenem's embedded sound graphics; and (5) whether Defendants profited or gained from the use of infringing copies of Marenem's Secret Stories and embedded sound graphics.

No unusual substantive, procedural, or evidentiary issues are anticipated except that non-party discovery is likely needed from Edlio, LLC concerning download activity related to the infringing copy of Marenem's Secret Stories that was uploaded onto the Internet, and whether other copyrighted or trademarked materials were placed on the Internet (or otherwise made generally available) by Defendants.

*Defendants' Legal Issues*

Defendants contend that they acted in their official capacity as teachers in the Redondo Beach Unified School District and that they are entitled to qualified immunity.  Further Defendants contend that assuming they were not entitled to qualified immunity, their use of Plaintiff's materials was a fair use.  In addition, Defendants contend that any actions alleged against them were innocent acts that were not in any way designed to secure any profit other than the education of their respective students.

**d. Parties, Evidence, Etc.:**

The following are the parties and percipient witnesses on the main issues of

the case:
- A corporate designee of Edlio, LLC;
- Nelson (defendant);
- Redella (defendant);
- Vega (defendant);
- Bell (defendant);
- Ladd (defendant);
- Katherine Garner (non-party principal of Marenem);
- Richard Garner (non-party principal of Marenem);
- Dr. Steven E. Keller (non-party);
- Derek Kinsey (non-party);
- Dr. Annette Alpern (non-party);
- Ruth Rubke (non-party);
- Debbie Collette (non-party);
- Dr. Tanza Bruna (non-party);
- Ricardo Gallegos (non-party); and
- A Federal Rule of Civil Procedure 30(b)(6) designee of Marenem.

To be clear, Marenem has no parent company, subsidiaries, or affiliates. Marenem alleges key documents will likely include any infringing copies of Marenem's works as well as correspondence related to same.

e. **Damages:**

Marenem is seeking both monetary and injunctive relief. Specifically, Marenem is seeking statutory monetary damages under 17 U.S.C. § 504(c) and/or 15 U.S.C. § 1117(c) in the amount to be determined once discovery commences. Marenem also seeks statutory damages under the DMCA of between $2,500 and $25,000, attorneys' fees, pre- and post-judgment interest, lost profits, and any other statutory damages.

**f. Insurance:**

Defendants do not have any insurance to cover any damages in this litigation.

**g. Motions:**

At this time, the parties are not anticipating filing any motions to amend or to add parties, to dismiss, or to transfer venue.

However, Marenem makes one caveat to that statement: as the full extent of the copyright and trademark infringement that appears to have occurred at the Redondo Beach Unified School District is currently unknown, Marenem cannot say for certain that a motion to amend to add parties and claims will not be made as discovery progresses and further facts are uncovered.

**h. Manual for Complex Litigation:**

The parties agree that this case does not require reference to the procedures set forth in the Manual for Complex Litigation.

**i. Status of Discovery:**

To conserve resources, the parties anticipate engaging in a phased discovery process so that they can devote substantial and significant efforts toward reaching an early resolution of this matter. Specifically, the parties intend to exchange informal and/or formal discovery requests for settlement purposes only that seek information necessary to determine the extent of the infringement, analyze potential statutory damages, and then discuss settlement. At the end of that time period (or earlier if settlement discussions breakdown), if no settlement has been reached then the parties intend to begin formal discovery. As such, the parties intend to delay the exchange of any initial disclosures in the first few months of the case.

**j. Discovery Plan:**

As noted above, the parties first intend to exchange informal and/or formal discovery requests for settlement purposes only that will be aimed at ascertaining information required for settlement. Such information and documents would

include, among other things, information related to Defendants' insurance coverage (if any), the number of infringing copies made or existing at the Redondo Beach School District, knowledge of the infringing acts, the length of time infringing copies of Marenem's works have been made or used, the number of infringing works made publicly available and any download or upload activity related to same, what steps, if any, are being taken to cease the infringing activity, and if any internal communications occurred regarding Marenem's Secret Stories and embedded sound graphics.  The parties anticipate devoting about two to three months of time to settlement efforts prior to engaging in earnest in formal discovery (if necessary).

If settlement efforts are unsuccessful, the parties propose that all initial disclosures be served by May 17, 2021, all written discovery served by no later than September 6, 2021 (which shall be responded to within the time frames required by the Federal Rules of Civil Procedure), and all depositions conducted by October 11, 2021.  The fact discovery cut-off date would be October 25, 2021.

The subjects on which formal discovery is to be completed include, without limitation: (1) Defendants' knowledge of Marenem's copyrights and trademarks; (2) whether there was any assistance or instruction given to Defendants regarding the creation of infringing copies of Marenem's works; (3) the number of infringing copies of Marenem's works made and overall number of infringing acts; (4) the full scope, nature, and circumstances of the infringement (*i.e*., where infringing copies were used or disseminated, the frequency with which infringing copies were made, the length of time the infringement has been ongoing, and the access to same); (5) Marenem's damages; (6) whether Defendants benefitted from the infringement or saved any expenses; (7) whether infringing copies were made available on the Internet and any upload or download activity related to same; (8) communications involving Marenem's works; (9) any cease and desist efforts made by Defendants; (10) Defendants' efforts to identify all infringement and documents related thereto;

(11) the circumstances of any DMCA violations or copyright infringement; (12) the frequency of any removal of Marenem's copyright management information and the intent of same; (13) each Defendant's access to Marenem's copyrighted works and infringing copies thereof; (14) Defendants' general intent in creating, accessing, or using any infringing copies of Marenem's works; and (15) the overall similarities between any infringing copies of Marenem's works and Marenem's works.

The parties will meet and confer regarding a stipulated protective order for presentation to the Court regarding confidentiality and inadvertent production of privileged or protected material pursuant to Federal Rule of Evidence 502(d).  With the exception of the above, the parties do not believe there should be any changes in the form or requirement for disclosures under Rule 26(a) or any changes to the default discovery limits under the Federal Rules of Civil Procedure, with one exception.  Marenem believes that the limitation on the number of depositions taken may need to be altered given the number of witnesses already expected to have knowledge of the facts underlying this dispute.  The parties, however, will meet and confer on this issue as well as any other issues regarding additional discovery beyond what is typically permitted under the Rules.  The parties do suggest, however, that the issue of attorneys' fees be addressed after a ruling on the merits of any claims.

The parties will meet and confer on any issues or disputes regarding electronically stored information ("*ESI*").

**k. Discovery Cut-off Date:**

The parties propose a fact discovery cut-off date of October 25, 2021, including resolution of any non-expert discovery motions.

**l. Expert Discovery:**

The parties propose that the deadline for the service of initial expert reports shall be November 8, 2021, and the deadline for the service of rebuttal expert

reports shall be December 6, 2021. The parties propose an expert discovery cut-off of December 20, 2021.

**m. Dispositive Motions:**

The parties anticipate that motions for summary judgment and/or partial summary judgment will be filed prior to the last day for filing dispositive motions. The parties will stipulate to a briefing schedule on the cross-motions for summary judgment, allowing the parties two weeks for oppositions and two weeks for replies. Specifically, the parties propose the following briefing schedule for dispositive motions: initial motions would be filed on or before January 10, 2022, oppositions would be filed on or before January 24, 2022, and replies would be filed on or before February 7, 2022.

**n. Settlement / Alternative Dispute Resolution (ADR):**

The parties believe that a settlement conference with the Court would be beneficial after written discovery is exchanged but before depositions.

**o. Trial Estimate:**

The parties anticipate a trial in this matter being approximately five days, which will be conducted before a jury. At this time, Marenem anticipates calling about 10 witnesses, which is necessary given the amount of Defendants.

**p. Trial Counsel:**

On behalf of Marenem, the individuals trying this case will be Gary R. Sorden, Esq., David S. Gold, Esq., Brian L. King, Esq., Elizabeth A. Carbone, Esq., all of Cole Schotz P.C., and Erica J. Van Loon, Esq., of Lathrop GPM LLP.

Defendants' case will be tried by Marlon C. Wadlington, Brian M. Wheeler, and Scott D. Danforth of Atkinson, Andelson, Loya, Ruud & Romo.

**q. Independent Master or Expert:**

The parties agree that this case does not warrant a Federal Rule of Civil Procedure 53 master or an independent scientific expert.

**r. Timetable:**

Please see timetable attached hereto as Exhibit "A."

**s. Other Issues:**

The parties do not believe that there are any unusually complicated or technological issues. The parties do not anticipate extraordinarily voluminous document productions, ADA-related issues, or discovery in foreign jurisdictions. English is spoken by all parties. In addition, the parties do not believe that severance (other than the attorneys' fees issue), bifurcation, or the ordering of any proof is necessary at this time.

Dated: January 19, 2021        LATHROP GPM LLP

By: */s/ Erica J. Van Loon*
    Erica J. Van Loon
    Attorneys for Plaintiff MARENEM, INC.

Dated: January 19, 2021        ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: */s/ Marlon C. Wadlington*
    Marlon C. Wadlington
    Attorneys for Defendants HEATHER LADD, JANET REDELLA, BLANCA VEGA, JENNIFER BELL, and CASSIDY NELSON

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: January 19, 2021        By: */s/ Erica J. Van Loon*
                                   Erica J. Van Loon